988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$749,968.00 U.S. CURRENCY and 100 Pieces of Gold, Defendants,
Aaron Benor, Claimant-Appellant.
 No. 91-56041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 12, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-90-3783-WDK; William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Aaron Benor appeals from a consent judgment in this forfeiture action under 21 U.S.C. § 881(a)(6). He contends the district court erred in denying his motion to suppress and for summary judgment. The crux of Benor's appeal is that the stop of the vehicle occupied by him and Omar Jaime Benevides was invalid; thus, all information obtained and evidence discovered as a result of that stop must be suppressed.
 
 
 3
 The initial stop of Benor's vehicle was reasonable. Benor did not submit to the officer's display of his badge and his motioning for Benor to pull over. See California v. Hodari D., 111 S.Ct. 1547, 1552 (1991). Benor's use of counter-surveillance driving techniques, Benevides' possession of a pager, and the use of public telephones gave officers reasonable suspicion to effect an investigatory stop of Benor's vehicle. See United States v. Hoyos, 892 F.2d 1387, 1393 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990).
 
 
 4
 Benor argues the stop was converted into an arrest for which the officers lacked probable cause. Given Benor's erratic driving, his attempted escape, and the officers' suspicion that Benor was involved in narcotics trafficking, the officers' display of weapons and handcuffing of Benor was reasonable. See United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990). Nor did the 2 1/2 hour detention of Benor from the stop until the search of the "Carlton Way" apartment, when added to the above, make the detention of Benor unreasonable. The officers acted promptly to confirm Benevides' parole status, obtain permission from the California parole department to search Benevides' residence, and to conduct that search. Immediately after the search of the Carlton Way apartment the officers had probable cause to arrest Benor. Specifically, in addition to their earlier observations, the officers had discovered $532,998.00 in the Carlton Way apartment and observed Benevides' pager flashing "911."
 
 
 5
 The district court did not err in denying Benor's motion to suppress. Benor concedes that, if the district court was correct in its suppression rulings, it also correctly denied his motion for summary judgment. The district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3